FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 16, 2017

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAWNAVA L. NIELSEN,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL<br><br>SECURITY,<br><br>　　　　　　Defendant. | No. 2:15-cv-00322-MKD<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 19, 22 |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 19[1], 22. The parties have consented to proceed before a magistrate judge. ECF No. 9. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants, in part, Plaintiff's motion (ECF No. 19) and denies Defendant's motion (ECF No. 22).

---

[1]The Court requests that future filings conform with Local Rules 7.1(e) and 10.1(a)(2).

1

**JURISDICTION**

2        The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g);

3    1383(c)(3).

4

**STANDARD OF REVIEW**

5        A district court's review of a final decision of the Commissioner of Social

6    Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

7    limited; the Commissioner's decision will be disturbed "only if it is not supported

8    by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

9    1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

10   reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159

11   (quotation and citation omitted).  Stated differently, substantial evidence equates to

12   "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and

13   citation omitted).  In determining whether the standard has been satisfied, a

14   reviewing court must consider the entire record as a whole rather than searching

15   for supporting evidence in isolation.  *Id.*

16        In reviewing a denial of benefits, a district court may not substitute its

17   judgment for that of the Commissioner.  If the evidence in the record "is

18   susceptible to more than one rational interpretation, [the court] must uphold the

19   ALJ's findings if they are supported by inferences reasonably drawn from the

20   record."  *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 2

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that [she] is not only unable to do [her] previous work[,] but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial

1  gainful activity," the Commissioner must find that the claimant is not disabled.  20

2  C.F.R. § 416.920(b).

3         If the claimant is not engaged in substantial gainful activity, the analysis

4  proceeds to step two.  At this step, the Commissioner considers the severity of the

5  claimant's impairments.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers

6  from "any impairment or combination of impairments which significantly limits

7  [her] physical or mental ability to do basic work activities," the analysis proceeds

8  to step three.  20 C.F.R. § 416.920(c).  If the claimant's impairments do not satisfy

9  this severity threshold, however, the Commissioner must find that the claimant is

10  not disabled.  20 C.F.R. § 416.920(c).

11         At step three, the Commissioner compares the claimant's impairments to

12  severe impairments recognized by the Commissioner to be so severe as to preclude

13  a person from engaging in substantial gainful activity.  20 C.F.R. §

14  416.920(a)(4)(iii).  If any impairment is as severe or more severe than one of the

15  enumerated impairments, the Commissioner must find the claimant disabled and

16  award benefits.  20 C.F.R. § 416.920(d).

17         If the severity of the claimant's impairments do not meet or exceed the

18  severity of the enumerated impairments, the Commissioner must pause to assess

19  the claimant's "residual functional capacity."  Residual functional capacity (RFC),

20  defined generally as the claimant's ability to perform physical and mental work

1  activities on a sustained basis despite her limitations, 20 C.F.R. § 416.945(a)(1), is

2  relevant to both the fourth and fifth steps of the analysis.

3      At step four, the Commissioner considers whether, in view of the claimant's

4  RFC, the claimant is capable of performing work that she has performed in the past

5  (past relevant work).  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is capable of

6  performing past relevant work, the Commissioner must find that the claimant is not

7  disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of performing such

8  work, the analysis proceeds to step five.

9      At step five, the Commissioner considers whether, in view of the claimant's

10  RFC, the claimant is capable of performing other work in the national economy.

11  20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner

12  must also consider vocational factors such as the claimant's age, education and

13  past work experience.  20 C.F.R. § 416.920(a)(4)(v).  If the claimant is capable of

14  adjusting to other work, the Commissioner must find that the claimant is not

15  disabled.  20 C.F.R. § 416.920(g)(1).  If the claimant is not capable of adjusting to

16  other work, the analysis concludes with a finding that the claimant is disabled and

17  is therefore entitled to benefits.  20 C.F.R. § 416.920(g)(1).

18      The claimant bears the burden of proof at steps one through four.  *Tackett v.*

19  *Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five,

20  the burden shifts to the Commissioner to establish that (1) the claimant is capable

of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 416.920(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for Title XVI Supplemental Security Income (SSI) benefits on January 23, 2012.  Tr. 177-83.  The application was denied initially, Tr. 134-41, and on reconsideration, Tr. 145-51.  Plaintiff appeared at a hearing before an Administrative Law Judge (ALJ) on May 23, 2014.  Tr. 47-81.  On June 10, 2014, the ALJ issued a decision reopening Plaintiff's February 22, 2010[2] SSI application and denying Plaintiff's claim for benefits.  Tr. 20-33.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of application, February 22, 2010.  Tr. 22.  At step two, the ALJ found Plaintiff had the following severe impairments: lumbar degenerative disc disease, asthma, morbid obesity, status post abdominal herniorrhaphy, pain disorder, anxiety disorder, social phobia, major depressive disorder, personality disorder, and substance abuse.  Tr. 22.  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that

_____

[2]The February 22, 2010 application was protectively filed on February 9, 2010.  Tr. 164, 228.

met or medically equaled a listed impairment.  Tr. 22.  The ALJ then concluded

that Plaintiff had the RFC to perform light work, with the following limitations:

> She can occasionally climb ladders, ropes or scaffolds.  She can frequently climb ramps and stairs, balance, stoop, crouch, kneel, and crawl.  She should avoid concentrated exposure to hazards such as use of moving machinery and unprotected heights.  She can perform simple, routine and repetitive tasks.  She can perform simple decision-making.  She can have simple changes in the work setting.  She should not have fast-paced production requirements.  She can have occasional and superficial interaction with the public.  She can have superficial interaction with coworkers and supervisors.  She should not work in close cooperation or coordination with others.

Tr. 24.  At step four, the ALJ found that Plaintiff was unable to perform any past

relevant work.  Tr. 32.  At step five, the ALJ found that there were other jobs that

exist in significant numbers in the national economy that Plaintiff could perform

within the assessed RFC, including weld inspector, garment sorter, and inspector

packer.  Tr. 32-33.  On that basis, the ALJ concluded that Plaintiff was not disabled

as defined in the Social Security Act during the adjudicative period.  Tr. 33.

On September 21, 2015, the Appeals Council denied review, Tr. 1-6, making

the Commissioner's decision final for purposes of judicial review.  *See* 42 U.S.C.

1383(c)(3); 20 C.F.R. § 416.1481.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying

her SSI benefits under Title XVI of the Social Security Act.  ECF No. 19.  Plaintiff

raises the following issues for this Court's review:

1.  Whether the ALJ properly discredited Plaintiff's symptom reports;

2.  Whether the ALJ properly weighed the opinions of lay witnesses;

3.  Whether the ALJ properly weighed the medical opinion evidence;

4.  Whether the ALJ properly determined if Plaintiff met or equaled listing 12.08; and

5.  Whether the ALJ's vocational hypothetical was valid.

ECF No. 19 at 11-21.

## DISCUSSION

**A.    Plaintiff's Symptoms Reports**

Plaintiff contests the ALJ's finding that her symptom reports were less than fully credible.  ECF No. 19 at 16-19.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted).  "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show

that it could reasonably have caused some degree of the symptom." *Vasquez v.*

*Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of

malingering, the ALJ can only reject the claimant's testimony about the severity of

the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). "General

findings are insufficient; rather, the ALJ must identify what testimony is not

credible and what evidence undermines the claimant's complaints." *Id.* (quoting

*Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d

947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with

findings sufficiently specific to permit the court to conclude that the ALJ did not

arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence]

standard is the most demanding required in Social Security cases." *Garrison v.*

*Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r, of Soc. Sec.*

*Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

The ALJ found that Plaintiff's medically determinable impairments could

reasonably be expect to cause her alleged symptoms, but that Plaintiff was less

than fully credible concerning the intensity, persistence, and limiting effects of

these symptoms. Tr. 25. The ALJ reasoned that Plaintiff was less than fully

credible because (1) her allegations were inconsistent with the medical evidence,

1  (2) her allegations were inconsistent with her reported daily activities, and (3) the

2  record included evidence suggesting she exaggerated symptoms and limitations.

3  Tr. 28-29.

4       *1.    Inconsistent with Medical Record*

5       The ALJ gave less weight to Plaintiff's statements because the medical

6  record did not substantiate Plaintiff's allegations of disabling limitations.  Tr. 28-

7  29.

8       Medical evidence is a relevant factor in determining the severity of a

9  claimant's pain and its disabling effects.  *Rollins v. Massanari*, 261 F.3d 853, 857

10  (9th Cir. 2001); 20 C.F.R. § 416.929(c)(2); *see also* S.S.R. 96-7p.[3]  However, it

11  cannot serve as the sole reason for rejecting a claimant's credibility.  *Rollins*, 261

12  F.3d at 857.

13       As discussed below, the other reasons the ALJ provided for finding Plaintiff

14  less than fully credible failed to meet the specific, clear and convincing standard.

15  _____

16       [3]S.S.R. 96-7p was superseded by S.S.R. 16-3p effective March 16, 2016.

17  The new ruling also provides that the consistency of a claimant's statements with

18  objective medical evidence and other evidence is a factor in evaluating a

19  claimant's symptoms.  S.S.R. 16-3p at *6.  Nonetheless, S.S.R. 16-3p was not

20  effective at the time of the ALJ's decision and therefore does not apply in this case.

1  Therefore, under *Rollins* this reason cannot stand alone to support an adverse

2  credibility determination.

3       2.    *Reported Daily Activities*

4       The ALJ determined that Plaintiff's reported daily activities of gardening,

5  caring for two children, completing her personal care, cleaning, doing her laundry,

6  preparing meals, driving a car, shopping in stores, handling her money, crafting,

7  drawing, playing cards, watching television, and speaking on the phone were

8  inconsistent with the alleged severity of Plaintiff's symptoms.  Tr. 29.

9       A claimant's daily activities may support an adverse credibility finding if (1)

10  the claimant's activities contradict her other testimony, or (2) the claimant "is able

11  to spend a substantial part of [her] day engaged in pursuits involving performance

12  of physical functions that are transferable to a work setting."  *Orn v. Astrue*, 495

13  F.3d 625 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.

14  1989)).  "The ALJ must make 'specific findings relating to [the daily] activities'

15  and their transferability to conclude that a claimant's daily activities warrant an

16  adverse credibility determination."  *Id*. (quoting *Burch v. Barnhart*, 400 F.3d 676,

17  681 (9th Cir. 2005)).  A claimant need not be "utterly incapacitated" to be eligible

18  for benefits.  *Fair*, 885 F.2d at 603.

19       The ALJ failed to demonstrate how these activities contradicted Plaintiff's

20  other testimony or that she was able to spend a substantial part of her day engaged

1   in these activities and that these activities are transferable to a work setting.

2   Therefore, this reason fails to meet the specific, clear and convincing standard.

3         *3.    Evidence of Exaggerated Symptoms*

4         The Ninth Circuit has recognized a claimant's tendency to exaggerate as a

5   legally sufficient reason to reject that claimant's symptom testimony.  *See*

6   *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

7         The ALJ found Plaintiff less than fully credible because evidence in the

8   record suggested that she exaggerated symptoms and limitations.  Tr. 29.  To

9   support his determination, the ALJ relied upon Dr. Arnold's PAI profile and BDI-

10  II score, Dr. Weir's positive Waddell's sign, and Dr. Islam-Zwart's statements.  *Id*.

11  On September 4, 2009, Dr. Arnold stated that Plaintiff's "PAI profile judged

12  exaggerated but generally consistent with the above diagnostic impression.  Rey

13  15-Item Test [with in normal limits] suggesting she [was] not trying to malinger

14  with regard to memory function."  Tr. 753.  He additionally stated that Plaintiff's

15  "BDI-II score of 45 suggests severe depression, but scores over 40 tend to be

16  suspect for embellishment."  *Id*.  On January 24, 2010, Dr. Weir completed a

17  consultative examination of Plaintiff and stated that an "[e]xamination of the back

18  revealed exquisite tenderness to light palpation in the lumbar area.  This is

19  considered a positive Waddell's sign."  Tr. 794.  Dr. Weir went on to state that

20  Plaintiff was observed in the parking lot before and after the examination, stating

1  "[s]he ambulated at an average pace without difficulty and without obvious

2  discomfort," and found that there was no justification for limiting Plaintiff's ability

3  to function in the workplace.  Tr. 794-95.  On June 4, 2010, Dr. Islam-Zwart

4  completed a consultative examination, in which she stated that Plaintiff "presents

5  as rather dramatic and irritable, and calls attention to her problems seemingly more

6  than is warranted."  Tr. 847.  However, Dr. Islam-Zwart also stated that Plaintiff

7  "does not appear to be clearly volitionally and deliberately exaggerating her

8  symptoms, but there is undoubtedly some reinforcement for her in the sick role and

9  the associated external gain."  *Id.*

10     Plaintiff argues that the evidence of her histrionic tendencies are

11  manifestations of her mental illnesses.  ECF No. 19 at 18.  In cases involving

12  mental illnesses, the ALJ "must exercise a delicate discretion in determining

13  whether the claimant's complaints are faked or the product of physical and

14  psychological conditions beyond [her] control."  *Polny v. Bowen*, 864 F.2d 661,

15  664 (9th Cir. 1988).  Here, there is evidence that Plaintiff's exaggerations are a

16  manifestation of her mental illness.  *See* Tr. 847.  The ALJ failed to consider the

17  potential that these exaggerations were associated with her mental illnesses and, as

18  such, this reason falls short of the specific, clear and convincing standard.

19

20

**B.    Lay Witness Testimony**

Plaintiff challenges the ALJ's determination rejecting the statements provided by Robert Nielsen and Debra Snow.  ECF No. 14 at 19-20.

Lay witness testimony cannot establish the existence of medically determinable impairments, but lay witness testimony is "competent evidence" as to "how an impairment affects [a claimant's] ability to work."  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050 (9th Cir. 2006); 20 C.F.R. § 416.913; *see also Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993) ("[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition.").  To discount evidence from lay witnesses, an ALJ must give reasons "germane" to each witness.  *Dodrill*, 12 F.3d at 919.

The ALJ's full discussion of Mr. Nielsen's and Ms. Snow's statements are as follows:

> I have considered the statements of the claimant's significant other, Robert Nielsen (Ex. 17E and 9E), and mother, Debra Snow (Ex. 13E). While their statements may reflect their personal observations of the claimant, the medical evidence of record does not support finding greater limitations than those set forth in the above residual functional capacity.

Tr. 31.  Defendant asserts that the ALJ found the statements inconsistent with the medical record and assigned them little weight.  ECF No. 22 at 17-18.  However, the ALJ's determination failed to assign any weight to the statements and failed to provide any rationale for rejecting the statements that were specific to the

1    statement or the witnesses.  As such, the ALJ failed to provide "germane" reasons

2    for rejecting the statements of Mr. Nielsen and Ms. Snow.

3            The Ninth Circuit has held that an ALJ's failure to properly weigh the

4    statements of a lay witness can be held harmless when the witness's testimony was

5    substantially the same as the claimant's and the ALJ provided legally sufficient

6    reasons for finding the claimant less than fully credible.  *See Molina*, 674 F.3d at

7    1121-22.  Here, the ALJ's reasons for finding Plaintiff less than fully credible did

8    not meet the specific, clear and convincing standard.  *See supra.*  Therefore, the

9    harmless error rule of *Molina* does not apply.  Even if the ALJ had provided

10   legally sufficient reasons to reject Plaintiff's credibility, the statements of Mr.

11   Nielsen and Ms. Snow differ from Plaintiff's testimony addressed in the ALJ's

12   decision.  First, the ALJ failed to discuss Plaintiff's testimony that she relied on the

13   use of a cane to ambulate outside the home.  Tr. 25, 62.  Second, Mr. Nielsen and

14   Ms. Snow discussed Plaintiff's need for a cane to assist in ambulation as early as

15   2010 and again in 2012.  Tr. 266, 297.  While Plaintiff testified that she required a

16   cane to ambulate outside her home, her testimony did not address how long she

17   had been using the cane.  Tr. 62.  When the ALJ asked how long she had been

18   using the cane, Plaintiff responded that John Colver "persisted on having me use it

19   for the past year, a little over a year just in case I fall."  *Id.*  Plaintiff testified as to

20   how long her provider had instructed her to use her cane, not how long she had

1  actually been using it.  As such, the lay witness testimony in this case contained

2  information that the ALJ did not consider when discussing Plaintiff's testimony.

3  The ALJ is to readdress the statements Mr. Nielsen and Ms. Snow on remand.

4  **C.   Medical Opinion Evidence**

5      Plaintiff challenges the weight the ALJ gave to the opinions of Dr. Islam-

6  Zwart, Dr. Arnold, and RN Bill Martin.  ECF No. 19 at 11-16.  Considering the

7  claim is being remanded for the ALJ to readdress Plaintiff's credibility and the

8  weight provided to lay witness evidence, the ALJ is also instructed to readdress the

9  medical opinions contained in the record on remand in accord with 20 C.F.R. §

10  416.927 taking effect on March 27, 2017.  Specifically, when readdressing the

11  opinion of RN Bill Martin, the ALJ is to review the opinion in light 20 C.F.R. §

12  416.927(f).

13  **D.   Listing 12.08**

14      Plaintiff argues that because the ALJ failed to properly credit the opinions of

15  Dr. Islam-Zwart, Dr. Arnold, and RN Bill Martin, he erroneously found that

16  Plaintiff did not meet or equal Listing 12.08.  ECF No. 19 at 11-16.  Since the

17  claim is being remanded to address the errors discussed above, the ALJ is further

18  instructed to readdress his step three determination on remand.

19

20

1    **E.    Vocational Hypothetical**

2    Plaintiff argues that, due to the ALJ's treatment of Plaintiff's testimony, lay

3    witness evidence, and medical opinions, the hypothetical presented to the

4    vocational expert failed to set forth all of Plaintiff's limitations and was, as a result,

5    invalid.  ECF No. 19 at 21.  Considering the ALJ is already readdressing Plaintiff's

6    credibility, lay witness testimony, and medical opinions, in the event that a step

7    four or five determination is necessary, the ALJ is to formulate a new RFC and

8    present it in the form of a hypothetical to a vocational expert.

9                                           **REMEDY**

10    The decision whether to remand for further proceedings or reverse and

11    award benefits is within the discretion of the district court.  *McAllister v. Sullivan*,

12    888 F.2d 599, 603 (9th Cir. 1989).  An immediate award of benefits is appropriate

13    where "no useful purpose would be served by further administrative proceedings,

14    or where the record has been thoroughly developed," *Varney v. Secretary of Health*

15    *& Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused

16    by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280

17    (9th Cir. 1990).  *See also Garrison*, 759 F.3d at 1021 (noting that a district court

18    may abuse its discretion not to remand for benefits when all of these conditions are

19    met).  This policy is based on the "need to expedite disability claims."  *Varney*,

20    859 F.2d at 1401.  But where there are outstanding issues that must be resolved

before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to properly determine Plaintiff's credibility regarding her symptom reporting, properly address the opinions of lay witnesses, properly consider the medical opinions, properly address Listing 12.08, and formulate a new RFC. The ALJ will also need to supplement the record with any outstanding medical evidence and elicited testimony from a medical, psychological, and vocational expert.

## CONCLUSION

**IT IS ORDERED:**

1. Defendant's motion for summary judgment (ECF No. 22) is **DENIED.**

2. Plaintiff's motion for summary judgment (ECF No. 19) is **GRANTED, in part**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3. Application for attorney fees may be filed by separate motion.

1    The District Court Executive is directed to file this Order, enter

2  **JUDGMENT FOR THE PLAINTIFF**, provide copies to counsel, and **CLOSE**

3  THE FILE.

4    DATED this 16th day of March, 2017.

5                               <u>Mary K. Dimke</u>
                                 MARY K. DIMKE
6                               U.S. MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20